UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

ROMOLO RICCI, an individual and
URSULA RICCI, an individual

Plaintiffs,

vs.                                     Case No. 99-1412-CIV-T-24C

CITY OF TAMPA;
ROBERT BOURQUE, individual capacity
 and as a police officer of the City
of Tampa;
JAMES NEAL, individual capacity
 and as a police officer of the City
of Tampa
PAUL DRISCOLL, individual capacity
 and as a police officer of the City
of Tampa
JOHN DOE, police officer of the City of Tampa
the identity of whom is presently unknown to the
plaintiffs;
BENNIE HOLDER, official capacity as Chief of
Police, City of Tampa.

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.   This is a civil action seeking money damages against **ROBERT BOURQUE**,

**JAMES NEAL** and **PAUL DRISCOLL**, who are Police Officers of the City of Tampa;

1



**BENNIE HOLDER**, who is Chief of Police of the City of Tampa; and the **CITY OF TAMPA**, for committing acts, under the color of law, which deprived Plaintiffs of rights secured under the Constitution and laws of the United States and for refusing or neglecting to protect against such deprivations and denials to Plaintiffs.  Plaintiffs allege that Defendants **BOURQUE, NEAL** and **DRISCOLL** unlawfully arrested, detained and falsely imprisoned Plaintiffs, in violation of their constitutional rights.  Plaintiffs also allege that Defendant **NEAL** failed to intercede on the behalf of the Plaintiffs who's constitutional rights were being violated in his presence by other officers.  Plaintiffs further allege that Defendant **BOURQUE** maliciously prosecuted Plaintiffs, not by the belief that charges had any formal or legal merit or that probable cause for their issuance existed, but for improper, illegal and unconstitutional purposes.  Plaintiffs further allege that Defendant **HOLDER** failed to train and supervise and failed to take preventive or remedial measures to guard against the conduct of Defendants **BOURQUE, NEAL** and **DRISCOLL**.  Plaintiffs further allege that the **CITY OF TAMPA**, is liable for Plaintiffs damages because the City of Tampa Police Department failed to instruct, supervise, control and discipline Defendants **BOURQUE, NEAL** and **DRISCOLL**, each of them on a continuing basis and said failure was a result of official policy, or the custom, practice, and usage of the **CITY OF TAMPA** and that the policy makers of the **CITY OF TAMPA** were deliberately indifferent to the rights of the inhabitants of the **CITY OF TAMPA**, and that said conduct caused the deprivation of Plaintiffs' rights secured under

the United States Constitution, the laws of the United States, and the laws of the State of Florida.

2. This action is brought pursuant Title 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. The Court has jurisdiction of this action under Title 42 U.S.C. § 1983, Title 28 U.S.C. § 1343, and Title 28 U.S.C. § 1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3. Plaintiff **ROMOLO RICCI** is a citizen and resident of Hillsborough County, State of Florida and the United States of America.

4. Plaintiff **URSULA RICCI** is a citizen and resident of Hillsborough County, State of Florida and the United States of America.

5. At all times referred to herein, Defendant **ROBERT BOURQUE** [hereinafter **BOURQUE** or Defendant **BOURQUE**] was a police officer of the **CITY OF TAMPA** Police Department and was acting in such capacity as an agent, servant and employee of the **CITY OF TAMPA** and its Police Department, and was acting under the direction and control of the **CITY OF TAMPA** and its Police Department, and was acting pursuant to either official policy, or the custom, practice and usage of the **CITY OF TAMPA** and its Police Department.

6. At all times referred to herein, Defendant **JAMES NEAL** [hereinafter **NEAL** or Defendant **NEAL**] was a police officer of the **CITY OF TAMPA** Police Department and

was acting in such capacity as an agent, servant and employee of the **CITY OF TAMPA** and its Police Department, and was acting under the direction and control of the **CITY OF TAMPA** and its Police Department, and was acting pursuant to either official policy, or the custom, practice and usage of the **CITY OF TAMPA** and its Police Department.

7.  At all times herein, Defendant **PAUL DRISCOLL** [hereinafter **DRISCOLL** or Defendant **DRISCOLL**] was a police officer of the **CITY OF TAMPA** Police Department and was acting is such capacity as an agent, servant and employee of the **CITY OF TAMPA** and its Police Department, and was acting pursuant to either official policy, or the custom, practice, and usage of the **CITY OF TAMPA** and its Police Department.

8.  At all times herein, Defendant **WILLIE HOLDER** [hereinafter **HOLDER** or Defendant **HOLDER**] was the Chief of Police of the **CITY OF TAMPA** Police Department and was acting in such a capacity as an agent, servant and employee of the **CITY OF TAMPA** and its Police Department, and was acting pursuant to either official policy, or the custom, practice, and usage of the **CITY OF TAMPA** and its Police Department.

9.  Defendant **CITY OF TAMPA**, Florida [hereinafter **CITY** or **TAMPA** or **CITY OF TAMPA** is a municipal corporation , organized and existing under the laws of the State of Florida. In this case, the **CITY** acted through its agents, employees, and servants, who were the policy makers for the **CITY'S** Police Department and for the

4

conduct of the police officers employed by the Department, and through Defendants **BOURQUE, NEAL, DRISCOLL and HOLDER.**

10. Plaintiffs sue Defendants **BOURQUE, NEAL, and DRISCOLL** each in their individual and official capacity, and Defendant **HOLDER** in his official capacity.

11. At all times referred to herein, Defendants **BOURQUE, NEAL, DRISCOLL** and **HOLDER** acted under the color of laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Florida, the **CITY OF TAMPA**, and the **CITY OF TAMPA** Police Department and pursuant to their authority as police officers of said Department and **CITY**.

12. The Plaintiffs hereby demand a trial by jury on all counts.

### FACTS COMMON TO ALL COUNTS

13. On May 31, 1996, at or about 1:00 p.m., Defendants **BOURQUE** and **NEAL**, while on duty as police officers of the **CITY OF TAMPA** as aforedescribed, were called and responded to NAR Electronic store at 3969 Henderson Blvd., Tampa, Florida, to investigate an alleged petty theft.

14. Thereafter, Defendant **BOURQUE** interviewed Plaintiff **ROMOLO RICCI** concerning parts removed from a radio owned by Mr. Greg Sausaman.

15. Thereafter, Defendant **BOURQUE**, with Plaintiff **ROMOLO RICCI'S** driver's license in hand, began writing a police report to which Plaintiff **ROMOLO RICCI** objected to and protested as unreasonable, while snatching his drivers license out of

Defendant **BOURQUE'S** hand.

16.     Thereafter, Defendant **BOURQUE**, advised Plaintiff **ROMOLO RICCI** he was under arrest, handcuffed and charged with the offenses of battery on a law enforcement officer, in violation of F.S. § 784.07, and resisting arrest without violence, in violation of F.S.§ 843.02.

17.     Thereafter, Plaintiff **URSULA RICCI** tried to aid her husband, at which time Defendant **BOURQUE** pushed her into file cabinets, stating "now you're under arrest", charging her with battery on a law enforcement officer, in violation of F.S. § 784.07, and resisting arrest without violence, in violation of F.S. § 843.02.

18.     Thereafter, Defendant **DRISCOLL** was called to the scene as immediate supervisor to investigate the arrest.

19.     At no time did Plaintiffs attempt to resist arrest by Defendants **BOURQUE** and **NEAL** nor offer or do violence to or threaten them.  Plaintiffs were acquitted of the charges stemming from their arrest before the Honorable Diana M. Allen, Circuit Judge, Thirteenth Judicial Circuit, State of Florida, on January 7, 1997.

## COUNT I

### FALSE ARREST AND IMPRISONMENT BY DEFENDANTS BOURQUE, NEAL AND DRISCOLL COGNIZABLE UNDER 42 U.S.C. § 1983

20.     By this reference, Plaintiff incorporates each and every allegations and averment

set forth in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21.     The conduct of Defendants **BOURQUE, NEAL** and **DRISCOLL**, acting individually and together with others, resulted in Plaintiffs being falsely, maliciously and unlawfully arrested and detained and Plaintiffs were deprived of their rights as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

**WHEREFORE**, each Plaintiff demands judgement against Defendant for compensatory damages, special damages, attorney fees incurred and costs, and other relief as is deemed just and proper.

## COUNT II

### FAILURE TO INTERCEDE ON PLAINTIFF'S BEHALF AND PREVENT THE VIOLATION OF HIS CONSTITUTIONAL RIGHTS BY DEFENDANT NEAL AS COGNIZABLE UNDER 42 U.S.C. § 1983

22.     By this reference, Plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23.     Defendant **NEAL** has an opportunity to intercede on behalf of the Plaintiffs and prevent Defendant **BOURQUE** from falsely, maliciously and unlawfully arresting Plaintiffs in violation of the Fourth and Fourteenth Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

24.     As a direct and proximate result of Defendant **NEAL's** deliberate and intentional

failure to intercede on behalf of Plaintiffs and prevent the violation of their constitutional rights as aforedescribed, committed under the color of law and under his authority as **CITY OF TAMPA** police officer, Plaintiff suffered false imprisonment, malicious prosecution, embarrassment and mental anguish, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

**WHEREFORE**, each Plaintiff demands judgement against Defendant for compensatory damages, special damages, attorney fees incurred and costs, and other relief as is deemed just and proper.

## COUNT III

### INITIATION AND PURSUIT OF PROSECUTION WITHOUT PROBABLE CAUSE BY DEFENDANT BOURQUE COGNIZABLE UNDER 42 U.S.C. § 1983

25. By reference, Plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 24 of this Complaint as though fully set forth.

26. Defendant **BOURQUE**, acting individually or together and in concert, caused the criminal charges of battery on a law enforcement officer and resisting arrest without violence against Plaintiffs and assisted in the prosecution of said charges.

27. Defendant **BOURQUE** was motivated in the pursuit of criminal charges against Plaintiffs not by a belief that the charges had any factual or legal merit or that probable cause for their issuance existed, but for improper, illegal and unconstitutional purposes.

28. Defendant falsified his report and offered perjured testimony at the trial of

Plaintiffs' criminal charges in an attempt to secure a conviction against Plaintiffs.

29. The conduct of Defendant **BOURQUE** as aforedescribed violated Plaintiffs' right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

**WHEREFORE**, each Plaintiff demands judgement against Defendant for compensatory damages, special damages, attorney fees incurred and costs, and other relief as is deemed just and proper.

## COUNT IV

### SUPERVISORY LIABILITY OF DEFENDANT HOLDER COGNIZABLE UNDER 42 U.S.C. § 1983

30. By this reference, Plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. Defendant **HOLDER** serves as Chief of Police for the **CITY OF TAMPA** Police Department.

32. Defendant **HOLDER** was the commanding officer of Defendants **BOURQUE, NEAL** and **DRISCOLL**, and the other officers of the **CITY OF TAMPA** Police Department. As commanding officer, Defendant **HOLDER** is responsible for the training, instruction, supervision, discipline, and control of Defendants **BOURQUE, NEAL** and **DRISCOLL** and other officers of the **CITY OF TAMPA** Police Department.

33. Defendant **HOLDER** failed to take any preventive or remedial measures to guard

against the conduct of Defendants **BOURQUE, NEAL** and **DRISCOLL,** which is more fully set forth and described herein, and had **HOLDER** taken such measures, Plaintiffs would not have suffered the deprivation of their rights more fully set forth herein. The failure of **HOLDER** amounted to gross negligence, deliberate indifference, or deliberate misconduct, which directly caused the deprivations, suffered by Plaintiffs. **HOLDER** failed to train, instruct, supervise, and discipline Defendants **BOURQUE, NEAL** and **DRISCOLL**, and the other officers of the **CITY OF TAMPA** Police Department, and said failure caused Plaintiff's damage.

34. As a direct and proximate result of the aforedescribed unlawful and malicious acts of Defendant **HOLDER**, Plaintiffs were deprived of their rights to be secure in his person, against protection of the laws, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

**WHEREFORE**, each Plaintiff demands judgement against Defendant for compensatory damages, special damages, attorney fees incurred and costs, and other relief as is deemed just and proper.

## COUNT V

### FAILURE TO INSTRUCT, SUPERVISE, CONTROL, AND DISCIPLINE DIRECTED AGAINST THE CITY OF TAMPA COGNIZABLE UNDER 42 U.S.C. § 1983

35. By this reference, Plaintiffs incorporates each and every allegation and averment contained in paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36. At all times relevant to this Complaint. Defendants **BOURQUE, NEAL** and **DRISCOLL** as police officers of the **CITY OF TAMPA** Police Department, were acting under the direction and control of the **CITY OF TAMPA**, which acted through its agents and employees who were responsible for making policy of the Police Department, its officers and operations, and **BOURQUE, NEAL** and **DRISCOLL** were acting pursuant to either official policy, and/or discipline, on a continuing basis, Defendants **BOURQUE, NEAL and DRISCOLL,** in the performance of their duties to refrain from:

   a. fabricating criminal charges and ordinance violations against a citizen for the purpose of shielding themselves from criminal or civil liability for violating that citizen's civil rights;

   b. falsifying police reports and other statements, including court testimony;

   c. conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and the laws of the State of Florida; and

   d. otherwise depriving citizens of their constitutional and statutory rights, privileges, and immunities.

37. The **CITY OF TAMPA** had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or constitutional acts were going to be committed. Defendant **CITY OF TAMPA** had

power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or refused to do so.

38. Defendant **CITY OF TAMPA**, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants **BOURQUE, NEAL** and **DRISCOLL**.

**WHEREFORE**, each Plaintiff demands judgement against Defendant for compensatory damages, special damages, attorney fees incurred and costs, and other relief as is deemed just and proper.

_____
DARRIN T. MISH, Esquire
Trial Counsel
Florida Bar No. 0986641
Law Office of Darrin T. Mish
412 East Madison Street, Suite 900
P.O. Box 3414
Tampa, Florida 33601
(813) 229-7100
(813) 273-4561 facsimile

12